## NORTON *et al. v.* WALSH.

### (*Circuit Court, E. D. Wisconsin.* April 8, 1892.)

REHEARING—NEWLY-DISCOVERED EVIDENCE—LACHES.

Where parties, having in their possession evidence deemed material, appeal without moving for a rehearing, and after six months dismiss the appeal and ask for a rehearing on the ground of newly-discovered evidence, their laches is inexcusable, and the motion should be denied.

In Equity. Suit by Edwin Norton and others against Francis A. Walsh for infringement of patent. Motion for rehearing upon newly-discovered evidence. Overruled.

*N. C. Gridley,* for the motion.

*Munday, Evarts & Adcock,* opposed.

Before GRESHAM, Circuit Judge, and JENKINS, District Judge.

JENKINS, District Judge. The bill was filed for an alleged infringement of certain letters patent of the United States. Upon final hearing before the district judge, an interlocutory decree passed for the complainant on the 5th day of January, 1891. A motion for rehearing was presented to the circuit and district judges on the 25th day of June, and overruled on the 13th day of July, 1891. Thereupon an appeal was prayed and allowed to the circuit court of appeals, which on the 12th day of January, 1892, was dismissed upon motion of the appellant. The mandate of the appellate court was filed here on the 16th day of January, and the present motion filed on the 18th day of January, 1892. The motion proceeds upon the ground that the inventions claimed under the complainants' patents were anticipated by certain newly-discovered patents disclosed in the moving papers. So far as respects all the patents now sought to be introduced as newly-discovered evidence, except No. 79,890, mentioned below, no excuse is stated for failure to plead them or to make timely profert of them in evidence. The answer asserts, in anticipation of the inventions claimed by the complainants, 20 American, 5 English, and 3 French patents. The search in the patent-office, preliminary to pleading, is stated to have been thorough and exhaustive. These patents now offered as newly-discovered were, so far as disclosed, accessible to the searcher, the then counsel of the defendant. No failure to discover them is asserted. It must be presumed, therefore, that they were known to him, but deemed immaterial to the controversy.

The failure to find letters patent No. 79,890, issued to Becker, Ross, and Sturnagal, is excused upon the facts stated in the moving papers. But regarding this evidence as newly-discovered, not cumulative, and that due diligence has been used prior to its discovery, we are yet of opinion that this motion must be overruled for failure to make timely presentation of the matter to the court. The patent was discovered by counsel prior to the argument of the original motion for rehearing in June, 1891. As stated in the moving papers, it was referred to upon that argument, and the court declined to consider it because it was not

within the record. It was the duty of the defendant, if he desired consideration of that patent, to have made this motion at that time. Instead of so doing, he appealed from the decision of the court. After a delay of six months, he concluded to dismiss his appeal, and to resort to this motion. That is not diligence. Nor is it excusable laches. It cannot be permitted to thus experiment with the administration of justice. It may not be allowed to parties to withhold evidence in their possession, deemed material, pending an attempt to reverse a decree, and therein failing, or becoming satisfied of the correctness of the decree, to seek a rehearing upon evidence in their possession, and which should have been submitted to the court before the appeal, and within a reasonable time after its discovery. The validity of the complainants' patents is here for the first time adjudicated. It is unfortunate, therefore, that all evidence material to their validity should not have been presented to and considered by the court. We cannot, however, allow this application without establishing a bad practice. The motion is overruled.